UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELECTRICAL CONTRACTORS, INC., <br>     Plaintiff, <br><br> v. <br><br> THE PIKE COMPANY, INC., <br>     Defendant. | No. 3:11-cv-01449 (JAM) |

### RULING DENYING MOTIONS *IN LIMINE*

In anticipation of the pending trial of this matter, the parties have filed motions *in limine*, as described below. These motions were the subject of extensive oral argument before the Court on May 13, 2014, and the Court now denies each of the motions *in limine* for the reasons stated below and set forth at oral argument.

**Defendant Pike Company's Motion *in Limine* to Preclude Evidence of Certain Unwritten Evidence (Doc. #77)**

Defendant moves *in limine* to preclude plaintiff from offering at trial any unwritten evidence of (1) any directive by defendant to plaintiff to add manpower for which plaintiff would be compensated; (2) any request for an extension of time to perform plaintiff's work; (3) any notice of claim by plaintiff against defendant; and (4) any modifications to the contract between defendant and plaintiff. The Court denies this motion, in view that the application of Section 5.4 of the contract is still at issue in this case following the prior ruling of Judge Shea denying summary judgment. Open issues remain as well concerning application of Sections 3.1, 3.4 and 5.3, among other contractual provisions. Accordingly, it cannot be concluded at this time that the oral communications at issue are not relevant for any purpose. The Court, however, notes that

Judge Shea's summary judgment ruling was in the context of summary judgment, and neither his ruling nor this evidentiary ruling forecloses the defendant's right to argue after the presentation of evidence at trial that Section 5.4 and similar provisions in the contract apply to foreclose plaintiff's claim and reliance on oral communications.

**Plaintiff's Motion *in Limine* to Preclude Expert Testimony and Reports (Doc. #79)**

Plaintiff moves to preclude portions of expert reports and related testimony to be introduced by defendant at trial. First, plaintiff contends that the testimony of Dennis O'Neill and James Bruno of Beacon Consulting Group, Inc., concerning the conclusions reached in their reports (the "Beacon Reports") are impermissible opinion evidence. The Court rejects this argument on the basis of defendant's showing that the Beacon Reports permissibly rely on the admissible analysis of Richard Merkhofer and David Caprio. *See United States v. Mulder*, 273 F.3d 91, 102 (2d Cir. 2001) (noting that "'expert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions,' and that a court need not make "specific findings on the reliability of the materials the experts use") (quoting *United States v. Locasio*, 6 F.3d 924, 938-39 (2d Cir. 1993)).

Nor has plaintiff shown that O'Neill and Bruno are unqualified by background to offer expert testimony.  As to plaintiff's objection to the basis for the analysis of Richard Merkhofer, defendant has shown without contradiction that Merkhofer's testimony will be based on comparisons of "as-planned" and "as-built" schedules that are known to plaintiff and that the parties have agreed without objection will be made exhibits in this case. As to plaintiff's objection to David Caprio, defendant has shown that the basis for his calculations has been produced to plaintiff.  Accordingly, plaintiff's motion to preclude is denied. This ruling, however, is without prejudice to plaintiff's right to impeach the qualifications of and analysis of

each of defendant's witnesses at trial.

**Defendant Pike Company Motion *in Limine* to Preclude Evidence Concerning Damages (Doc. #81)**

Defendant moves *in limine* to preclude plaintiff from offering certain evidence of damages at trial. First, defendant contends that plaintiff should be foreclosed from offering any damages calculation that is based on an inherently unreliable "total cost" methodology. The Court rejects this argument on the ground that defendant has not shown that plaintiff's method of calculating damages is inherently unreliable. Although there is precedent that raises concerns about use of a "total cost" method, the precedent does not go so far as to categorically exclude evidence of this method. *See, e.g.*, *Servidone Const. Corp. v. United States*, 931 F.2d 860, 861-62 (Fed. Cir. 1991). Moreover, plaintiff disclaims reliance on the "total cost" method as defendant describes it.

Defendant also contends that plaintiff should be precluded from reliance on its own bid price as a component for measuring damages, because plaintiff does not intend to offer expert testimony to establish the accuracy of its bid. The Court does not agree that expert testimony is necessary as a matter of law to establish the accuracy of a bid. *See, e.g.*, *Cavalier Clothes, Inc. v. United States*, 51 Fed. Cl. 399, 422 (2001) (allowing reliance on the bids by other bidders and, in part, on evidence concerning "the depth and accuracy of information available to and relied upon by the bid preparer, [and] the bid preparer's investigation or knowledge of the contract conditions").

In short, the reliability concerns raised by defendant about plaintiff's damages method and calculation go to the weight of the evidence and not its admissibility. Accordingly, the motion is denied. This ruling, however, is without prejudice to defendant's right to impeach plaintiff's damages evidence and methodology at trial.

It is so ordered.

Dated at Bridgeport this 6th day of June 2014.

/s/
Jeffrey Alker Meyer
United States District Judge